J-S29019-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFREY ROUNDTREE | : | |
| | : | |
| Appellant | : | No. 2975 EDA 2018 |

Appeal from the Judgment of Sentence Entered May 11, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003347-2016

BEFORE: BENDER, P.J.E., LAZARUS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:                    **FILED AUGUST 09, 2019**

Jeffrey Roundtree appeals from his judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, after a jury found him guilty of rape of a child,[1] involuntary deviate sexual intercourse of a child,[2] corruption of minors,[3] indecent assault,[4] and unlawful contact with a minor.[5] After careful review, we affirm.

The trial court set forth the facts of this case as follows:

_____

[1] 18 Pa.C.S.A. § 3121(c).

[2] 18 Pa.C.S.A. § 3123(b).

[3] 18 Pa.C.S.A. § 6301(a)(1)(i).

[4] 18 Pa.C.S.A. § 3126.

[5] 18 Pa.C.S.A. § 6318(a)(1).

Beginning on July 20, 2015, when the child was five years old, and ending when the child reached the age of six, M.M. was repeatedly raped by his uncle, defendant Jeffrey Roundtree. [Roundtree] lived with his maternal grandmother, and occasionally served as the child's babysitter. On those occasions, M.M. slept in [Roundtree's] bedroom. On more than one occasion, [Roundtree] inserted his penis into M.M.'s mouth causing him to choke. While his penis was inside M.M.'s mouth, [Roundtree] would place his hands on the back of the child's head, and thrust and pump in a back and forth motion. M.M. later told a stranger in a nearby park that [Roundtree] inserted his penis into M.M.'s anus. The stranger then escorted M.M. to the child's home and the child told his mother what [Roundtree] had done to him. Subsequently, M.M.'s mother took him to a hospital emergency room. A sexual abuse investigator from the Department of Human Services, and a forensic interviewer from the Philadelphia Children's Alliance met with M.M. and his mother during which time the child informed them of the sexual abuse outlined above. Thereafter, police officers contacted [Roundtree] and asked him if he wanted to come to the police station to give a statement. He agreed. While at the police station, [Roundtree] was placed under arrest.

Trial Court Opinion, 12/19/18, at 2 (citations to record omitted).

A jury trial was held in February of 2018, after which Roundtree was convicted of the above offenses. On May 11, 2018, the court sentenced Roundtree to an aggregate term of ten to twenty years' incarceration in a state correctional institution. Roundtree filed a post-sentence motion on May 20, 2018,[6] which the court denied on September 14, 2018. On October 15, 2018, Roundtree filed a notice of appeal, and on October 16, 2018, the court ordered Roundtree to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Roundtree then filed on November 5, 2018, a

---

[6] The 30th day fell on a Sunday.

motion for an extension of time to file his Rule 1925(b) statement, which the court granted the following day on November 6, 2018. On November 19, 2018, Roundtree filed his Rule 1925(b) statement.

On appeal, Roundtree raises the following issue for our review[7]:

> Was not the verdict against the weight of the evidence where the complainant's allegations, unsupported by physical evidence, changed and grew with each telling such that his testimony was so unreliable that the verdict of guilt was manifestly unreasonable and a new trial should be granted in the interest of justice?

Appellant's Brief at 3.

Roundtree claims that the trial court abused its discretion by failing to grant him a new trial on the basis that the verdict was against the weight of the evidence, where the totality of the evidence on the core issues of the trial were vague, contradictory, and without physical evidence. *See* Appellant's Brief at 9.

We evaluate challenges to the weight of the evidence under settled precepts:

---

[7] We note that the Commonwealth's brief in this matter was due on April 29, 2019. Sixteen days after the deadline passed, on May 15, 2019, the Commonwealth filed an application for extension of time to file its brief. On May 30, 2019, we granted the Commonwealth a thirty-day extension and advised it that no further continuances would be granted and that we would not consider any brief filed after the extended deadline. Despite receiving an extension, the Commonwealth failed to file a brief in this matter. Once again, we note our continuing disapproval with the repeated failure of the Philadelphia Office of the District Attorney to file timely briefs in matters before this Court, even in cases where one or more extension has been granted.

> [W]e may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. 2003) (citations omitted). Conflicts in the evidence and contradictions in the testimony of any witnesses are for the fact finder to resolve. *Commonwealth v. Tharp*, 830 A.2d 519, 528 (Pa. 2003). As our Supreme Court has further explained,

> A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence, do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that "notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice."

*Commonwealth v. Widmer*, 744 A.2d 745, 752 (Pa. 2000) (citations omitted). Hence, a trial court's denial of a weight claim "is the least assailable of its rulings." *Commonwealth v. Diggs*, 949 A.2d 873, 880 (Pa. 2008).

Here, the trial court denied Roundtree's motion for a new trial and concluded that the verdict did not shock its sense of justice. Our review of the record reveals no abuse of discretion in the court's finding. The jury was able to assess the testimony of the various witnesses and to believe all, part or none of the evidence as it deemed appropriate. The jury heard testimony from M.M. himself, and saw the videotaped forensic interview with M.M.

- 4 -

conducted by a member of the Philadelphia Children's Alliance along with testimony explaining how a forensic interview of a child is conducted. *See* N.T. Trial, 2/15/18, at 73-74. The victim testified with assurance that it was the defendant, his uncle, who was the person who "put his winkie" in both the victim's mouth and anus, repeatedly. *See id*. at 8-14. Viewed in its entirety, the evidence of record is neither so unreliable nor contradictory as to undermine the verdict.

Moreover, there is no requirement that the Commonwealth produce physical evidence in order to meet its burden. *See Commonwealth v. Trippett*, 932 A.2d 188, 201 (Pa. Super. 2007) ("[T]he uncorroborated testimony of a sexual assault victim, if believed by the trier of fact, is sufficient to convict a defendant."). Furthermore, Dr. Naomi Hughes testified that even in a significant assault "it is not likely to find anything [physical] on the exam" of a child of M.M.'s age more than forty-eight (48) hours after the incident, as occurred here.[8] *See* N.T. Trial, 2/16/18, at 38. Thus, any conflicts in the evidence and contradictions in the testimony of any witnesses were for the fact finder to resolve, *Tharp*, *supra*, and we can discern no abuse of discretion on the part of the trial court in concluding that the verdict does not shock one's sense of justice. *Champney*, *supra*.

Judgment of sentence affirmed.

---

[8] M.M. was examined in the emergency room of the Children's Hospital of Philadelphia six days after the incident. *See* N.T. Trial, 2/15/18, at 50.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/9/19</u>